UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MONICA DENTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:11-CR-81 |
| | ) | 2:14-CV-206 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Monica Denton, ("petitioner"), has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 781]. For the reasons discussed in this memorandum and order, her motion is DENIED.

**1. Background**

Petitioner was one of 21 defendants charged in a 45-count indictment involving marijuana, cocaine, oxycodone, and various firearm offenses. Petitioner was charged only in Count Three with conspiring with seven other people to distribute and to possess with the intent to distribute a quantity of oxycodone.[1] Attorney Wayne Stambaugh of the Criminal Justice Act panel was appointed to represent her.

On December 7, 2011, petitioner signed a plea agreement with the United States in which she agreed to plead guilty to Count Three. In the first numbered paragraph of that plea agreement, it was explicitly recited that because of petitioner's prior felony drug conviction she confronted a possible maximum term of imprisonment of 30-years.[2] Petitioner acknowledged in the agreement that she conspired with at least one other person to distribute and to possess with the intent to

---
[1] Indictment, Doc. 3
[2] Doc. 346, ¶ 1

1

distribute 1,440 30 milligram oxycodone pills, and 840 15 milligram oxycodone pills,[3] which equates to 55.8 kilograms of oxycodone.

Petitioner agreed that she would not file a direct appeal of her conviction or sentence unless the sentence was above the greater of her sentencing guideline range or the mandatory minimum sentence. She further agreed that she would not file a motion under 28 U.S.C. § 2255 except for a claim of ineffective assistance of counsel or prosecutorial misconduct which was unknown to her at the time judgment was entered.[4] For its part, the United States agreed that it would not oppose a two-level reduction in her offense level for acceptance of responsibility, and an additional 1-level reduction if her offense level was 16 or greater.[5]

On January 3, 2012, petitioner formally entered her plea of guilty. During the change of plea hearing, she testified under oath that she had read the plea agreement; that the facts stated in that plea agreement were true; that she committed the acts as described in paragraph 3(a) of the plea agreement; and that she was in fact guilty of the offense to which she was pleading guilty.[6]

The United States Probation Office prepared a presentence report ("PSR") in which it reported that petitioner's Base Offense Level was 26 and, after subtracting three levels as per the Plea Agreement, her adjusted Offense Level was 23.[7] Her Criminal History Category was V. Her Guideline Range was 84 to 105 months.[8]

Petitioner's sentencing hearing was held on February 27, 2012. The Court sentenced petitioner to 99 months imprisonment to run *partially* concurrently with the sentence imposed upon her by the Knoxville division of this Court for a Hobbs Act robbery conviction in case No.

---

[3] Id., ¶ 3(a)
[4] Id., ¶ 9
[5] Id., ¶ 6
[6] Transcript, doc. 738, pp. 7-13.
[7] PSR, ¶¶ 30-38.
[8] PSR, ¶ 79.

2

3:10-CR-112.[9] Specifically, the sentence of this court was ordered to begin running concurrently with the Knoxville sentence as of the date of her sentencing in this court, February 27, 2012.

On April 7, 2015, petitioner's sentence was reduced to 78 months under Amendments 782 and 788 of the Sentencing Guidelines[10]. According to the Bureau of Prisons, petitioner is scheduled to be released from federal custody (the State of Tennessee has filed a detainer against her) on January 19, 2017 for both federal sentences.

## II.     Petitioner's Motion, [Doc. 781]

Petitioner claims that her attorney was ineffective by failing to move that the undersigned district judge disqualify himself, and for failing to move for a change of venue.

## III.    Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255.   Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted).  A

---

[9]  Judgment, Doc. 466
[10] Doc. 878.

3

motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims she was denied his sixth amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner

crosses this evidentiary hurdle, she must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, she must show that she was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's ] review of counsel's performance is "highly deferential." Id. at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

## IV. DISCUSSION OF PETITIONER'S CLAIMS

*(a) Counsel's failure to move that the district judge disqualify himself; (b) counsel's failure to move for a change of venue; (c) the district judge's failure to disqualify himself*

Since there was no jury trial, these claims are effectively the same and therefore will be addressed together.

Petitioner is the daughter of Eddie Denton, who was convicted of a triple murder in Cocke County, Tennessee and sentenced to life imprisonment. He gained even more notoriety when it was discovered in 1978 that then-Governor Ray Blanton was accepting money to pardon convicted felons, and that Eddie Denton was one of those Blanton intended to pardon. Those revelations ultimately led to the early swearing-in of the governor-elect, Lamar Alexander, in

5

order to stop the pardons-for-cash enterprise of Governor Blanton.

In the course of the sentencing hearing, the court made reference to petitioner's family history, noting that the undersigned was in the Tennessee Supreme Court chamber when Lamar Alexander took the oath as governor to prevent Governor Blanton "from basically opening the doors of the prisons," and which was the first time the undersigned had heard her father's name. This court went on to speak of the likelihood that her father's crime had an adverse effect on her emotional state, drug addiction and criminal activities over the years.[11] Petitioner argues that the remarks just described demonstrate that the undersigned was biased against her and that counsel should have moved for the judge's disqualification and for a change of venue. In the same vein, she argues that the undersigned district judge should have *sua sponte* disqualified himself. As already noted, the claims are really a single assertion: that since this district judge knew of Eddie Denton, and since he knew that petitioner was Eddie Denton's daughter, he therefore was biased against her and should have disqualified himself, either on his own motion or upon motion of her attorney.

The undersigned certainly knew who Eddie Denton was, as did most citizens of Tennessee who were alive when Lamar Alexander took office in 1979 under the extraordinary circumstances described. Further, the undersigned obviously was aware that petitioner was Eddie Denton's daughter. But it does not follow from those two facts that the court was prejudiced against petitioner. A judge is required to disqualify himself when his or her impartiality *reasonably* could be questioned, 28 U.S.C. §455(a). The standard is objective, not subjective, *Liteky v. United States*, 510 U.S. 540. 548 (1994). No objectively reasonable person could believe that a judge would be biased against petitioner merely because the judge knew who Eddie Denton was and

---

[11] Transcript, doc. 719, p. 43.

6

that petitioner was his daughter. Indeed, it is clear from reading the relevant portion of the sentencing hearing transcript that this court actually sympathized with petitioner because of the deleterious effect her father's notorious reputation doubtlessly had upon her in her formative years.

Attorney Stambaugh was not ineffective for failing to advance a contention which had not even a scintilla of factual or legal support, *Strickland*, *supra*. These two claims have no merit.

## V. CONCLUSION

For the reasons discussed in the preceding section, the court finds that petitioner's claims that her attorney rendered ineffective assistance by failing to file motions for a change of venue and that the district judge should be disqualified are meritless. The court further finds that her claim that the undersigned district judge was biased against her and therefore should have disqualified himself likewise has no merit. Petitioner is not entitled to an evidentiary hearing and her motion, [Doc. 781], is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment in accordance with this Memorandum and Order will be filed.

**ENTER:**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE